IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>HÉCTOR RÍOS-ORAMA,<br><br>       Defendant. | CRIMINAL NO. 22-174 (RAM) |

### OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court are Defendant Héctor Ríos-Orama's ("Defendant" or "Ríos-Orama") *Motion to Suppress Identification* ("*Identification Motion*"), *Motion to Suppress Evidence* ("*Evidence Motion*"), and the *Report and Recommendation* ("*R&R*") issued by United States Magistrate Judge Bruce J. McGiverin. (Docket Nos. 28, 36, and 78, respectively). The Magistrate Judge recommends that Defendant's motions to suppress be denied. (Docket No. 78 at 1). Having reviewed the record *de novo* and Defendant's *Objections to the R&R* ("*Objections*"), (Docket No. 88), and the United States of America's (the "Government") response thereto, (Docket No. 94), the Court **ADOPTS** the *R&R* and **DENIES** Defendant's motions to suppress.

### I.  PROCEDURAL BACKGROUND

On April 21, 2022, a Grand Jury returned a one-count indictment charging Defendant with carjacking in violation of 18

U.S.C. § 2119(1). (Docket No. 3). On January 16, 2023, Mr. Ríos-Orama filed the *Identification Motion* to suppress evidence from a lineup, (Docket No. 28), and on January 31, 2023, he filed the *Evidence Motion* to suppress evidence from a warrantless search of his residence, (Docket No. 36). The Government responded to both motions, and a reply and surreply were filed as to the *Identification Motion*. (Docket Nos. 42, 47, 53, and 62). The Court referred both motions to suppress to Magistrate Judge McGiverin for an *R&R*. (Docket Nos. 55 and 63). The Magistrate Judge subsequently held a suppression hearing over the course of three sessions, on June 16, 2023, June 26, 2023, and June 30, 2023. (Docket Nos. 73-75).

Having heard the evidence, the Magistrate Judge took the matter under advisement and subsequently issued a thorough and well-analyzed *R&R*. (Docket No. 78). The Magistrate Judge recommended that the Court deny the *Identification Motion* because the lineup was neither unduly suggestive nor unreliable, Defendant's right to counsel was not violated, and the purported violations of Puerto Rico Police Department ("PRPD") lineup regulations did not require suppressing the identification. Id. at 11-27. The Magistrate Judge also recommended denying the *Evidence Motion* because law enforcement obtained valid consent to search Mr. Ríos-Orama's purported residence. Id. at 27-34. The parties

had until August 14, 2023 to object to the *R&R*. Id. After requesting and receiving an extension of time, Mr. Ríos-Orama timely filed his *Objections* on September 11, 2023. (Docket No. 88). The Government subsequently filed its response to the *Objections* on October 17, 2023. (Docket No. 94).

The Court reviewed the entire record in this case, which includes the transcripts from the evidentiary hearing and the exhibits, including a surveillance video. Because the Magistrate Judge provided a thorough recitation of the facts[1] in the *R&R*, (Docket No. 78 at 1-11), the Court declines to repeat them here.

## II.  STANDARD OF REVIEW

The Court may refer certain motions, including motions to suppress evidence, to a Magistrate Judge for a *R&R*. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Crim. P. 59(b)(1); *see also* L. CV. R. 72(a). A party may file written objections to the report within fourteen days of service. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(2).

A district court "shall make a *de novo* determination of those portions of the [*R&R*] to which objection is made," and "may accept, reject, or modify" the *R&R*. 28 U.S.C. § 636(b)(1)(C) (italics

---

[1] Defendant correctly points out that PRPD Agent Francisco Javier Fonseca-Pérez was a defense witness, rather than a Government witness as indicated in the *R&R*. (Docket No. 88 at 3 n.1; Docket No. 84 at 186). This is a minor error that affected neither the *R&R*'s findings nor the review conducted by this Court.

added); *see also* L. CV. R. 72(d). The district judge's review need only evaluate the disputed portions of the *R&R*. United States v. J.C.D., 861 F.3d 1, 6 (1st Cir. 2017) (citing Gioiosa v. United States, 684 F.2d 176, 179 (1st Cir. 1982)). Moreover, parties that advance new theories for the first time in objections to an *R&R* waive those arguments. United States v. Mendoza-Maisonet, 962 F.3d 1, 16-17 (1st Cir. 2020) (citing United States v. Rosado-Cancel, 917 F.3d 66, 69 (1st Cir. 2019)).

### III. DISCUSSION

After a *de novo* review of the entire record in this case, the parties' submissions, and the *R&R*, the Court finds Defendant's *Objections* are unfounded. "Where, as here, a [Magistrate] has produced a first-rate work product, a reviewing tribunal should hesitate to wax longiloquent simply to hear its own words resonate." Chen v. I.N.S., 87 F.3d 5, 7 (1st Cir. 1996) (citation and quotation omitted). The bulk of Defendant's *Objections* are repetitive of arguments already presented to the Magistrate Judge. However, the Court has made a *de novo* determination and will address some of the objections below.

**A. A second evidentiary hearing is unnecessary.**

No successive hearing has been requested or is necessary in this case. While a district court "may receive further evidence on the matter, including via an evidentiary hearing," United States

v. Sierra-Ayala, 39 F. 4th 1, 10 n.4 (1st Cir. 2022), *cert. denied*, 143 S. Ct. 1040, 215 (2023) (cleaned up), 28 U.S.C. § 636(b)(1) "calls for a *de novo* determination, not a *de novo* hearing." United States v. Raddatz, 447 U.S. 667, 673-74 (1980). A district court does not need to hear the live testimony of a witness to accept the credibility determination of a magistrate judge. Id. at 680-81. However, rejecting a credibility determination requires first hearing the testimony that was the basis for that determination. United States v. Hernandez-Rodriguez, 443 F.3d 138, 148 (1st Cir. 2006). Because of the extensive record developed at the suppression hearing, and because the Court does not disturb the credibility rulings of the Magistrate Judge in this Opinion and Order, no additional evidentiary hearing is necessary.

   B. **Portions of Defendant's *Objections* are nonspecific and repetitive.**

Federal Rule of Criminal Procedure 59(b)(2) directs parties to file "specific, written objections" to an *R&R*. Local Rule 72(d) goes further, explaining that parties must "specifically identify the portions" of the *R&R* to which they object, along with the "basis for the objection." The objecting party must offer more than "[c]onclusory objections that do not direct the reviewing court to the issues in controversy[.]" Velez-Padro v. Thermo King De Puerto Rico, Inc., 465 F.3d 31, 32 (1st Cir. 2006) (referring

to Fed. R. Civ. P. 72(b), which has the same language as Fed. R. Crim. P. 59(b)(2) regarding "specific written objections"). "[A] district court need not consider 'frivolous, conclusive, or general objections.'" In re Fin. Oversight & Mgmt. Bd. for Puerto Rico, 632 B.R. 1, 4 (D.P.R. 2021), aff'd, 60 F.4th 9 (1st Cir. 2023) (citations omitted). General or conclusory objections are those that that "do not specify the analytical aspects of the [*R&R*] to which the party is objecting" or "that are repetitive of arguments already presented to the magistrate judge." Id. at 5.

Here, some of the arguments raised by Defendant in his *Objections* are nonspecific. For example, Mr. Ríos-Orama objects broadly to the *R&R*'s finding that the victim's identification of him was reliable even if she had seen him at the police station prior to the lineup. (Docket No. 88 at 14-17). But his objection, which follows what is essentially a regurgitation of paragraphs from the original *Identification Motion*, is simply: "A review of all factors results in finding the identification unreliable." Id. at 17. Such an objection is insufficient to direct the Court to particular sections of the *R&R*, the transcripts of the hearing, or other relevant portions of the record. A recitation of general legal standards and conclusory assertions that they have or have not been met are inadequately specific. Kissner v. Orr, 2023 WL 5687037, at *3 (6th Cir. 2023) (citations omitted).

Defendant's arguments are also extensively repetitive of those presented to and carefully addressed by the Magistrate Judge. In several instances, the language used by Mr. Ríos-Orama in the *Objections* is a nearly identical copy of the language from his previously filed motions to suppress.

Defendant's objections here are clearly—and in some cases, word-for-word—a "reiteration of arguments already considered and rejected by the magistrate judge." *See* United States v. Guzman-Batista, 948 F. Supp. 2d, 194, 196-97 (D.P.R. 2013) (citing Gonzalez-Ramos v. Empresas Berrios, Inc., 360 F. Supp. 2d 373, 376 (D.P.R. 2005)). Precedent directs a district judge reviewing objections to a *R&R* to nonetheless conduct a *de novo* review of rehashed arguments. *See* Velez-Padro, 465 F.3d at 32 (requiring *de novo* review when arguments were repetitive but nonetheless detailed and specific). *Cf.* In re Fin. Oversight & Mgmt. Bd. for Puerto Rico, 632 B.R. at 4 (in case affirmed by First Circuit, district judge stated that that general or conclusory objections— that is, those that are nonspecific or repetitive—only warrant review for clear error).

The Court has accordingly conducted a *de novo* determination regarding the portions of the *R&R* to which Defendant objected and based on that review, would not disturb the Magistrate Judge's findings. To the extent that the Defendant identifies specific

findings or conclusions of the Magistrate Judge that he objects to, the Court addresses his objections below.

### C. Hearsay evidence is permitted at a suppression hearing.

Mr. Ríos-Orama objects to the Magistrate Judge's admission of hearsay evidence during the suppression hearing, particularly regarding the reliability of the victim's identification and the validity of the consent to search the Apartment. (Docket No. 88 at 3). "However, it is well-settled that hearsay testimony is admissible at suppression hearings." United States v. Brown, 621 F.2d 48, 54 n.5 (1st Cir. 2010) (citations and quotation marks omitted); *see also* United States v. Schaefer, 87 F.3d 562, 569 (1st Cir. 1996) (finding that the government met its burden of proving consent to a search through the use of hearsay evidence). Thus, it was appropriate and reasonable for the Magistrate Judge to permit the presentation of hearsay evidence[2] during the suppression hearing and consider it when issuing the *R&R*. Furthermore, the *R&R* notably refers to other evidence the Magistrate Judge referred to when assessing reliability, such as images from the surveillance camera, the testimony of PRPD Agent Edwin Zayas-Roldan, and the fact that the lineup was held about two weeks after the carjacking. (Docket No. 78 at 17).

---

[2] The Court notes that not all the statements objected to by Defendant during the suppression hearing are necessarily hearsay.

Mr. Ríos-Orama further objects to the admission of Agent Cortés' testimony because he claims it adversely affected his Sixth Amendment Confrontation Clause right to cross-examine the victim as to the reliability of her identification. (Docket No. 88 at 13). This argument is meritless because a defendant's Confrontation Clause right only attaches at trial and not to a suppression hearing. United States v. Mitchell-Hunter, 663 F.3d 45, 51-52 (1st Cir. 2011); see also McCray v. Illinois, 386 U.S. 300, 313-14 (1967) (failure to produce informant at suppression hearing did not unconstitutionally deprive defendant of his Sixth Amendment right to confrontation and cross-examination).

### D. The Magistrate Judge's credibility determinations are left undisturbed.

Mr. Ríos-Orama contends that the Magistrate Judge erroneously credited the testimony of PRPD Agents Francisco Javier Fonseca-Pérez ("Agent Fonseca") and Francisco Cortés ("Agent Cortés") in determining that the victim had not been interviewed on March 22, 2022, the day of the carjacking. (Docket No. 88 at 6-7). Mr. Ríos-Orama appears to raise this objection to call into question the credibility of Agent Fonseca and Agent Cortés as well as to undermine the reliability of the victim's identification. Id. at 6; 7 n.5; and 14. At the suppression hearing, defense counsel had ample opportunity to directly or cross-examine these two witnesses

as to why the agents completed reports appearing to indicate that the victim provided descriptions of her attacker on March 22, 2023. *See* Docket Nos. 83 at 105-109 and 84 at 191-213. Ultimately, the Magistrate Judge concluded that neither Agent Fonseca nor Agent Cortés had taken any statements from the victim on March 22, 2023. *See* Docket No. 78 at 2. A review of the *R&R*, the hearing transcripts, and the exhibits submitted supports that conclusion, and the Court sees no reason to reach an alternate one. The Court "will not tamper with the credibility determinations made by the Magistrate[.]" United States v. Nunez-Torres, 601 F. Supp. 2d 388, 391 (D.P.R. 2008) (citing Raddatz, 447 U.S. 667, 681 n.7 (1980), among other cases); *see also* United States v. Cruz-Arroyo, 2019 WL 1282833, at *6 (D.P.R. 2008) (citations and quotation marks omitted) ("it is well settled law that when findings are based on determinations regarding the credibility of witnesses, great deference is given to the trial court's findings" because the trial judge can observe important "variations in demeanor and tone of voice[.]").

### E. The fillers selected for the lineup procedure did not make it unduly suggestive.

In his *Objections*, Defendant puts forth newly presented case law to buttress his contention that the other participants in the lineup differed so greatly in appearance from Mr. Ríos-Orama that

the identification procedure was rendered unduly suggestive. (Docket No. 88 at 10). However, the additional cases cited by Defendant do not entitle him to suppression.

As noted in the *R&R*, Agent Cortés stated he could not find civilian participants for the lineup due to the COVID-19 pandemic and therefore selected officers from the PRPD Motorcycle Unit to serve as fillers. (Docket Nos. 78 at 8 and 83 at 112-13). The officers had heights between five-feet-five and five-feet-nine inches, weights between 185 and 220 pounds, and hair that was short or shaved. (Docket Nos. 78 at 8 and 84 at 226, 231, 235, 237). By contrast, Mr. Ríos-Orama testified that at the time of the lineup, he measured six-foot-one inches tall, weighed about 145 to 150 pounds, and had long hair. (Docket Nos. 78 at 8 and 84 at 240). Agent Cortés gave all the lineup participants the same black gown, green cap, and white facemask, and all sat in chairs placed close to a glass observation panel. (Docket Nos. 78 at 8-9; 76-1 at 32; 83 at 63, 74). Based on these facts, the Magistrate Judge concluded that Mr. Ríos-Orama's lineup was not impermissibly suggestive given the circumstances and staging of the lineup. (Docket No. 78 at 14-16). Upon *de novo* review, the Court endorses that conclusion.

The Magistrate Judge's *R&R* reasonably refers to cases indicating that officers conducting lineups only need to make reasonable efforts to find lineup participants that approximate

the defendant's size and appearance. (Docket No. 78 at 14-15) (citing United States v. Traeger, 289 F.3d 461, 474 (7th Cir. 2002)). To supplement the Magistrate Judge's analysis, the Court further remarks that there is ample First Circuit precedent upholding identification procedures where the filler participants may appear different from the defendant. *See* United States v. Holliday, 457 F.3d 121, 126 n.5 (1st Cir. 2006) (recognizing that some courts have not required perfectly-matched fillers when the suspect has a highly unusual appearance); United States v. Alexander, 868 F.2d 492, 495-96 (1st Cir. 1989) (photo array where defendant was only person wearing an earring did not render identification constitutionally deficient); Monteiro v. Picard, 443 F.2d 311, 312 (1st Cir. 1971) (lineup where defendant was the only participant dressed in civilian clothes was not unduly suggestive, though less than ideal); Johnson v. Dickhaut, 308 F. App'x 454 (1st Cir. 2009) (upholding identification procedure where defendant claimed he was the only one in photo array with "light hair, not wearing a shirt, squinting, and with a surly looking, intoxicated expression"). Further, height differences between the defendant and the fillers may be adequately resolved through "creative staging." United States v. Pomales-Arzuaga, 319 F. Supp. 3d, 578, 584 (D.P.R. 2018) (finding no plain error in magistrate judge's assessment that identification procedure not

impermissibly suggestive when six-foot-tall defendant was placed in lineup with shorter policemen, including some who had painted-on goatees to simulate appearance of facial hair, due to the fact the participants were all seated).

## IV. CONCLUSION

After a *de novo* review, the Court finds that Magistrate Judge McGiverin's extensive analysis and conclusions are well supported. Therefore, the *Report and Recommendation* is **ADOPTED** *in toto* and in accordance with the Magistrate Judge's recommendation, the Defendant's *Motion to Suppress Identification* at Docket No. 28 and the *Motion to Suppress Evidence* at Docket No. 36 are **DENIED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 3rd day of November 2023.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE